UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATEO GREGORIO FRANCISCO,

Petitioner,

v. Case No.: 2:26-cv-02527-SPC-KRH

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court are Mateo Gregorio Francisco's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Gregorio Francisco is a native and citizen of Guatemala who entered the United States on April 23, 2018, as an unaccompanied child. Immigration officials detained him for about 40 days before releasing him under an order of recognizance. Gregorio Francisco filed an asylum application in 2023, and it remains pending. He has a work permit, steady employment, a Florida driver's license, and no criminal history. He resides in Bonita Springs, Florida with his family. On July 2, 2026, Immigration and Customs Enforcement arrested Gregorio Francisco during a traffic stop and detained him at Glades County Detention Center.

On July 21, 2026, Immigration Judge Jennifer Mazza held a custody redetermination hearing. According to Gregorio Francsico, Judge Mazza denied bond without providing any explanation, factual findings, or reasoning. The government does not contest that characterization of the hearing, and Judge Mazza's bond order supports it:

> Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006) and Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020).

(Doc. 1-1 at 2).

Gregorio Francisco claims his detention violates the Due Process Clause of the Fifth Amendment. He seeks immediate release from custody or, alternatively, the bond hearing he is entitled to under 8 U.S.C. § 1226(a). In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. But Gregorio Francisco does not ask the Court to review Judge Mazza's exercise of discretion. Rather, he argues Judge Mazza did not exercise discretion at all and instead summarily denied bond with a form order. The government does not contest Gregorio Francisco's characterization of the bond hearing, nor does it respond to his claim that the bond hearing failed to satisfy the requirements of due process.

Because Gregorio Francisco's due process claim presents a live controversy, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Gregorio Francisco's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process

Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). The immigration judge did not require the government to provide any evidence or justification for Gregorio Francisco's detention, much less a special justification. According to Gregorio Francisco's undisputed characterization of the bond hearing, the immigration judge did not provide any explanation, factual findings, or reasoning for the decision to keep him in detention. Without some consideration of the facts and relevant factors, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Gregorio Francisco's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Gregorio Francisco's detention serves neither purpose. He has actively engaged with state and federal governments by applying for asylum and obtaining and maintaining work authorization and a driver's license. And he

has ample incentive to appear for future immigration hearings. With his asylum application pending, he has a plausible pathway to lawful residence. The record is devoid of any evidence suggesting Gregorio Francisco is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal record whatsoever.

For these reasons, the Court finds that ICE violated Gregorio Francisco's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Mateo Gregorio Francisco's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Gregorio Francisco and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 30, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record